**LAW OFFICES BARRY M. BORDETSKY**
Barry M. Bordetsky
*barry@bordetskylaw.com*
22 N. Park Place, 2nd Floor
Morristown, New Jersey 07960
Telephone: (973) 998-6596
Facsimile: (973) 937-7850

**HALUNEN LAW**
Christopher J. Moreland (to be admitted *pro hac vice*)
Information under Signature Block

**REESE LLP**
Michael R. Reese
(to be admitted *pro hac vice*)
Carlos Ramirez
Information under Signature Block

*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL MARN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ELS EDUCATIONAL SERVICES, INC., <br> Defendant. | Case No. _____ <br><br><br> **CLASS ACTION COMPLAINT** <br><br> **<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff Michael Marn ("Plaintiff"), on behalf of himself and all others

similarly situated states and alleges the following based upon personal knowledge

as to allegations regarding himself and on information and belief as to other allegations:

## <u>NATURE OF THE ACTION</u>

1.      Plaintiff brings this combined collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"), and nationwide class action claim for Breach of Contract and Unjust Enrichment under New Jersey common law again Defendant ELS Educational Services, Inc. ("ELS" or "Defendant"), on behalf of himself and other similarly situated employees ("Instructors") for ELS's failure to pay unpaid overtime in the rate of one and one-half (1.5) of their respective hourly rates for hours worked in excess of forty (40) hours per workweek as required under 29 U.S.C. § 207(a)(1).

2.      Plaintiff brings this lawsuit as an individual and as a representative of a putative FLSA collective class and Federal Rules of Civil Procedure 23 class (collectively, "Class") whose members are similarly situated to Plaintiff as employees of ELS.

3.      Upon information and belief, ELS operates approximately 35 locations nationally.

4.      ELS employed Plaintiff and the other similarly situated employees as Instructors during the relevant limitation period.

5.      Plaintiff and the Instructors were paid hourly, and only for those hours teaching students in the classroom ("In-Class").  But Plaintiff and the Instructors were required, and thus obligated by ELS, but were not paid for work performed for the ELS outside of the In-Class hours, such as preparing lessons, grading quizzes, and grading writing assignments (collectively "Out of Class", further defined below). Plaintiff and the Instructors estimate that they worked an "average" of 36 Out of Class hours per week.

6.      ELS failed to pay Plaintiff and the Instructors overtime wages for all hours worked in excess of forty (40) hours per workweek.

7.      Plaintiff, individually and on behalf of all the Instructors, seeks the payment of overtime wages and other such monetary relief as provided under Federal and New Jersey law.

## **PARTIES**

### ***Plaintiff***

8.      Plaintiff is an adult citizen of the State of Minnesota, residing in Minneapolis, Minnesota.

9.      Plaintiff worked for ELS as an Instructor in St. Paul, Minnesota. Plaintiff instructed various international students on a curriculum designed by himself during his own time.

10.     From October 17, 2014 to June 10, 2019, Plaintiff worked as an hourly employee for ELS as defined by the FLSA, 29 U.S.C. § 203(e)(1).

11.     Plaintiff and the Instructors were employees of ELS within the meaning of the FLSA, 29 U.S.C. § 203(d) and (g) and were similarly situated under the FLSA, 29 U.S.C. § 216(b).

***Defendant***

12.     Defendant ELS is a New Jersey Corporation with its headquarters and principal place of business at 7 Roszel Road, Princeton, New Jersey.

13.     ELS provides educational services to customers throughout this District and nationwide. Throughout the relevant period, ELS was Plaintiff's and Instructors' "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and was actively engaged in the conduct described herein.

14.     On information and belief, at all relevant times, ELS qualified as an enterprise engaged in commerce or in the production of goods for commerce as defined by the 29 U.S.C. § 203(s)(1) of the FLSA, and had annual gross volume of sales which exceeded $500,000.00.

15.     At all times material, ELS was engaged in interstate commerce as defined in the FLSA, 29 U.S.C. § 207(a)(1).

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 (federal question) and the FLSA, 29 U.S.C. § 216(b).

17.     The District Court of New Jersey has personal jurisdiction over ELS because ELS has a headquarters in this this District.

18.     Supplemental jurisdiction over Plaintiff's state common law claims is conferred by 28 U.S.C. § 1367(a).

19.      Venue is proper in this District pursuant to 28 U.S.C. § 1391, because ELS's principal place of business is found within this District, and a substantial part of the events giving rise to Plaintiff's claims arose here, including the creation of the scheme alleged in this Complaint.

## FACTUAL ALLEGATIONS

20.     ELS is a private entity that provides English language classes to international individuals who speak English as a second language. It operates through numerous language centers that are based on college campuses throughout the United States. ELS markets itself as providing language training to international students hoping to study in the United States, but further offers other programs to help other international individuals residing in the United States.

21.     To teach these students, ELS employs "dedicated" and "professional" Instructors. These instructors hold various high-level degrees and certifications to

provide each student a "personalized approach" to learning English as a second language.

22.     At all relevant times Plaintiff and the Instructors perform(ed) teaching and educational services for ELS.

23.     Upon being hired, Plaintiff and the Instructors received an engagement letter, offering them a position and outlining the material terms. Included is their hourly compensation rate, and a statement that their "FLSA STATUS" is "Non-Exempt." *See e.g.* Ex. 1 (engagement letter for Michael Marn).

24.     When the terms of their employment changed, these changes were memorialized in "Employment Status Reports" which included: (a) their status (e.g. regular full time, regular part time, temporary, etc.); (b) if they are salaried or hourly; (c) any rate increases; changes in status; etc. *See* e.g. Exs. 2-10.

25.     ELS provide broad skeletal structures for the course curriculum, but relied and required Plaintiff and the Instructors to create the daily lessons and activities and apply them in them to the students.

26.     ELS offers six different English language courses, allowing students to learn at varying paces.

27.     Plaintiff worked the most rigorous curriculum, in which students attended 20-30 In-Class hours each week for 4 consecutive weeks. There were 13 sessions in a calendar year.

28.     Plaintiff and the Instructors worked, on average, 20-30 hours per workweek teaching ELS's students in the classroom. The In-Class hours were typically Monday through Thursday from 8:30 a.m. to 4:15 p.m. with a 1 to 1 1/4 hour lunch break. And Friday from 8:30 a.m. to 12:30 p.m.

29.     The total In-Class hours each Class member worked differed based on start times. For example, if a Class member worked 30 In-Class hours per week, they would begin at 8:30 a.m. each morning. If the Class member worked 25 In-Class hours per week, they would begin at 9:30 a.m. each morning. And if the Class member worked 20 In-Class hours per week, they would begin at 10:30 a.m. each morning.

30.     The number of In-Class hours Plaintiff and the Instructors worked did not vary week-to-week.

31.     Plaintiff worked 20 In-Class hours each week.

32.     In addition, Plaintiff and the Instructors worked additional Out of Class hours including: (a) preparing lessons plans, homework, quizzes, examinations, and other materials; (b) grading homework, quizzes, essays, examinations, and other materials; (c) meeting with students before and after class; (d) conducting and grading speaking evaluations; (e) logging students' grades and participation points; and (f) entering attendance (collectively "Out of Class" activities).

33.   For example, Plaintiff and the Instructors conducted the following Out of Class work:

a.   *Creating, reviewing, and grading homework assignments.* Plaintiff and the Instructors conducted this type of work approximately 2-3 times per workweek, with the minimum time spent on this work being 2 hours per work week, an average of 3 hours per work week, and a maximum of 4 hours per work week.

b.   *Writing and preparing quizzes, tests, and other written evaluations*. Plaintiff and the Instructors conducted this type of work 1-3 times per workweek, with the minimum time spent on this work being 2 hours per workweek, an average of 3 hours per workweek, and a maximum of 4 hours per workweek.

c.   *Grading quizzes, tests, and other written evaluations*. Plaintiff and the Instructors conducted this type of work 1-3 times per workweek, with the minimum time spent on this work being 2 hours per workweek, an average of 3 hours per workweek, and a maximum of 4 hours per workweek.

d.   *Reading and grading essays and other substantive papers*. Plaintiff and the Instructors conducted this type of work 2-4 times per workweek, with the minimum time spent on this work being 8 hours

per workweek, an average of 10 hours per workweek, and a maximum of 12 hours per workweek.

e.     *Providing preparation lessons to students*. Plaintiff and the Instructors conducted this type of work 8-12 times per workweek, with the minimum time spent on this work being 4 hours per workweek, an average of 6 hours per workweek, and a maximum of 8 hours per workweek.

f.     *Meeting with students before or after class.* Plaintiff and the Instructors conducted this type of work 8-12 times per workweek, with the minimum time spent on this work being 2 hours per workweek, an average of 3 hours per workweek, and a maximum of 4 hours per workweek.

g.     *Conducting and grading speaking evaluations*. Plaintiff and the Instructors conducted this type of work 1 times per workweek, with the minimum time spent on this work being 4 hours per workweek, an average of 5 hours per workweek, and a maximum of 6 hours per workweek.

h.     *Logging students' grades and participation*. Plaintiff and the Instructors conducted this type of work 1 times per workweek, with the minimum time spent on this work being 1 hours per workweek, an

average of 2 hours per workweek, and a maximum of 4 hours per workweek.

    i.    *Entering attendance*. Plaintiff and the Instructors conducted this type of work 1 times per workweek, with the minimum time spent on this work being 1 hours per workweek, an average of 1 hours per workweek, and a maximum of 1 hours per workweek.

34.    All of the Out of Class activities were integral and indispensable to the performance of the Instructors' jobs, including the In-Class activities. Absent the Out of Class activities, the Instructors could not perform the In-Class activities. The Out of Class activities had to be performed for Instructors to meet their obligations under the employment contracts, and therefore a requirement of their job. These Out of Class activities were not optional, and many were expressly mandated by ELS.

35.    Combined, Plaintiff and the Instructors worked 20-30 total In-Class hours of per workweek. Additionally, Plaintiff and the Class member worked a minimum of 26 Out of Class hours of uncompensated time per workweek, and as much as 47 Out of Class hours per workweek.

36.    In total, Plaintiff and the Instructors worked between 46-77 per week.

37.    This is 6-37 hours in excess of forty (40) hours, making Plaintiff and the Instructors eligible for overtime compensation of one and one-half (1.5) times their regularly rate of pay.

38.    ELS compensated Plaintiff and the Instructors on an hourly basis, but solely for the In-Class hours. ELS does not compensate Plaintiff or the Instructors for all of the Out of Class hours worked, which are integral to the Instructor's job.

39.    Plaintiff and the Instructors were not compensated at a rate of one and one-half (1.5) times their regular rate of pay for the overtime hours they worked as required by the FLSA, 29 U.S.C. § 207(a)(1).

40.    Plaintiff and the other Instructors were not required to keep timesheets. As a result, ELS failed to maintain and keep time records for Plaintiff and the Instructors.

41.    ELS willfully operated under a common scheme to deprive Plaintiff and the Instructors of hours worked, as well as proper overtime compensation by not compensating them at time and half for hours over and above forty (40) hours.

42.    ELS is aware of wage and hour laws, and its unlawful conduct has been widespread, repeated, and consistent.

43.    What is clear in this action is the fact ELS knew it was violating the FLSA by not properly compensating Plaintiff and the Instructors. As an implicit recognition of this violation, before an accreditation audit, ELS attempted to force Plaintiff and the Instructors to sign an agreement fraudulently stating that Plaintiff and the Instructors were full-time, salaried employees, which they were not. *See* Ex. 11.

44.     Plaintiff refused to sign this agreement, stating: (1) he was not full-time; and (2) that he is an hourly Instructor and has never been salaried.

45.     After his refusal, Plaintiff was consistently encouraged to sign the agreement to change his employment status from hourly to salary by ELS leadership, including, but not without limitation, his Academic Director and his Center Director.

46.     ELS knew that Plaintiff and the Instructors worked hours without receiving proper pay because they were aware of the necessity of the Out of Class activities, but refused to compensate Plaintiff and the Instructors for that time.

47.     ELS was aware, or should have been aware, of their unlawful payment practices and recklessly chose to disregard the consequences of their actions.

48.     As a result of ELS's unlawful actions, Plaintiff and the Instructors were deprived of compensation for hours they lawfully worked.

## COLLECTIVE ACTION ALLEGATIONS

49.     Plaintiff brings the FLSA claims as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of himself and other similarly situated people (the "Collective" or the "Instructors"), which shall include:

> All persons who work or worked for ELS as Instructors from April 10, 2017, through the date the Court orders notice to be sent in accordance with Section 216(b) of the FLSA (the "FLSA Class Period"). Excluded from the Instructors are ELS, and any corporations, partnerships, or other entities affiliated with ELS.

50.     ELS is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the Instructors.

51.     Plaintiff and the Instructors are or were employed by ELS within the meaning of the FLSA.

52.     Plaintiff and the Instructors were paid hourly, and ELS classified them as non-exempt employees.

53.     Plaintiff and the Instructors routinely worked over forty (40) hours in a workweek and were not compensated by ELS with pay for the overtime hours they worked.

54.     ELS was both aware of and required this overtime work. Specifically, the Out of Class activities integral and indispensable to the In-Class activities, and many were expressly mandated by ELS.

55.     ELS is and was aware that Plaintiff and the Instructors worked under these conditions. Despite this knowledge, ELS failed to pay them overtime compensation.

56.     ELS failed to make, keep, and preserver records of the hours worked by Plaintiff and the Instructors.

57.     ELS's unlawful conduct is done knowingly, widespread, repetitious, and consistent, affecting Plaintiff and the Instructors.

58.    There are likely 100 or more similarly situated current and former employees of ELS who have not been paid for hours worked, including overtime, in violation of the FLSA and who would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join the present lawsuit. On information and belief, those similarly situated employees are known to ELS, are readily identifiable, and can be located through ELS's records that it is required to create and maintain under applicable federal and state law.

59.    Notice should be sent to the Instructors pursuant to 29 U.S.C. § 216(b).

## NATIONWIDE CLASS ACTION ALLEGATIONS

60.    Plaintiff brings the non-FLSA claims as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the following class of Instructors (the "Class"):

> All persons in the United States who work or worked for ELS as Instructors in the United States from the April 10, 2016, through the date a judgment is entered in this action. Excluded from the class are ELS, and any corporations, partnership or other entities affiliated with ELS.

61.    The members of the class are so numerous that joinder of all members would be impracticable. Although the exact number of Instructors is currently unknown to Plaintiff, on information and belief he estimates that there are at least 100 members of the Class.  Defendant will have the exact figures that will be discovered in the course of discovery.

62.    Questions of law and fact are common to all the members of the Class that predominate over any questions affecting only individual members, including:

a.   Whether the Instructors were paid on an hourly basis;

b.  Whether the Instructors were compensated correctly for Out of Class hours;

c.  Whether the ELS failed to compensate Plaintiff and the Class at overtime rates for hours worked in excess of forty (40) hours per workweek;

d.  Whether the Out of Class activities is considered work under the FLSA;

e.  Whether the Out of Class activities is considered work under the employment agreements;

f.  Whether the Out of Class activities are integral and indispensable;

g.  Whether ELS breach its employment agreements by failing to pay for all hours worked;

h.  What steps ELS took, or failed to take, to cover for its failure to comply with its payment obligations to Plaintiff and the Instructors;

i.  Whether ELS was unjustly enriched by failing to compensate hourly employees for overtime for work performed outside of the classroom that was not compensated;

j.   Whether ELS's conduct violated New Jersey common law; and

      k.  The amount by which Plaintiff and the Class were damaged.

63.    The claims of Plaintiff are typical of the claims of the members of the Class. Plaintiff has no interests antagonistic to those of the Class, and ELS has no defenses unique to Plaintiff.

64.    Plaintiff will protect the interests of the Class fairly and adequately, and Plaintiff has retained attorneys experienced in class action litigation.

65.    A class action is superior to all other available methods for this controversy because:

      a.    The prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

      b.    The prosecution of separate actions by the members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, which would establish incompatible standards of conduct for ELS;

      c.    ELS acted or refused to act on grounds generally applicable to the Class; and questions of law and fact common to members of the Class predominate over any questions affecting only individual

members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy; and

d.      The Instructors who are currently employed by the ELS are likely to fear retaliation and/or loss of their employment, and thus will likely not commence their own actions. Indeed, Plaintiff has witnessed retaliation by the ELS, including being retaliated against for raising concerns about ELS's inability to follow applicable wage and hour laws.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.: Failure to Pay Overtime
### (Brought on Behalf of Plaintiff and the Instructors)

66.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

67.     The FLSA requires covered employers to pay non-exempt employees no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

68.     ELS is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(b).

69.     Plaintiff and the Instructors are non-exempt covered employees. 29 U.S.C. § 203(e)(1).

70.     Plaintiff and the Instructors, as required by ELS, have worked more than forty hours (40) per week for defendant during the applicable time period.

71.     ELS has not properly compensated Plaintiff and the Instructors for their overtime hours as required by the FLSA.

72.     ELS failed to make a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the Instructors.

73.     Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent is attached hereto as Exhibit A and incorporated by reference.

74.     ELS knew Plaintiff and the Instructors worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the Instructors the required overtime rates. *See* 29 U.S.C. § 255.

75.     ELS failed to make a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the Instructors.

76.     ELS's willful failure and refusal to pay Plaintiff and the Instructors overtime wages for time worked violates the FLSA, 29 U.S.C. § 207.

77.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

78.     Because ELS's violations of the FLSA have been willful, a three-year statute of limitation applies, pursuant to the FLSA, 29 U.S.C. § 255(a).

79.    As a direct and proximate result of ELS's unlawful conduct, Plaintiff and the Instructors have suffered, and will continue to suffer, a loss of income by not being paid overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to the recovery of such amounts, liquidated damages in an amount equal to their unpaid wages, prejudgment and post judgment interest, attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. § 216(b).

80.    Plaintiff and the Instructors seek to enjoin ELS from its continuing violations of 29 U.S.C. § 207.

81.    THEREFORE, Plaintiff prays for relief as set forth below.

<u>**SECOND CAUSE OF ACTION**</u>
**Breach of Contract**

82.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as set forth herein.

83.    Plaintiff brings this claim for breach of contract on behalf of the Class.

84.    Plaintiff and the Instructors on the one hand, and ELS on the other, formed a contract for employment. The terms of these contracts were set forth in the engagement letter and Employment Status Reports. *See* Ex. 1-10.

85.    Plaintiff and the Instructors duly performed all acts, conditions, covenants and promises to be performed on their part as required by ELS—including working In-Class and Out of Class hours—except for those, if any, from which they were legally excused, frustrated, waived or excused by ELS.

86.    ELS has unjustifiably, inexcusably, intentionally, and materially breached the contract described above by, refusing to perform its obligation under the contract, *i.e.* not paying the hourly rate agreed upon for all hours worked.

87.    As a result of ELS's breach, Plaintiff and the Instructors were deprived of the benefit for which they bargained. Plaintiff and the Instructors have suffered, and will continue to suffer, substantial damages in an amount to be proven at the time of trial.

88.    THEREFORE, Plaintiff prays for relief as set forth below.

**THIRD CAUSE OF ACTION**
**(Unjust Enrichment on Behalf of the Nationwide Class,**
**or in the Alternative, on behalf of the New Jersey Class)**

89.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as set forth herein.

90.    Plaintiff brings this claim individually, as well as on behalf of members of the Nationwide Class, under New Jersey law. Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences. In all states, the focus of an unjust enrichment claim is whether the defendant was unjustly enriched. At the core of each state's law are two fundamental elements – the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff. The focus of the inquiry is the same in each state. Since

no true conflict exists—relating to the elements of unjust enrichment—between the different jurisdictions from which Instructors will be drawn, New Jersey law applies to the claims of the Nationwide Class.

91.    At all times relevant hereto, ELS employed Instructors who provided free labor and were not compensated for the labor.

92.    This conferred a benefit upon ELS.

93.    ELS accepted or retained the benefits conferred by Plaintiff and the Instructors, with full knowledge and awareness that, as a result of ELS's conduct, Plaintiff and the Instructors, provided work in excess of forty (40) hours and were not compensated one-half (1.5) times the regularly rate of pay for each hour worked in excess of forty (40) hours in a workweek to which they were entitled under the FLSA, 29 U.S.C. § 207.

94.    ELS has been unjustly enriched in retaining the revenues and benefits derived from the work Plaintiff and the Instructors provided, which retention under these circumstances is unjust and inequitable and has caused injuries to Plaintiff and the Instructors.

95.    Retaining the non-gratuitous benefits conferred upon ELS by Plaintiff and the Instructors under these circumstances made ESL's retention of the non-gratuitous benefits unjust and inequitable. Thus, ELS must pay restitution to Plaintiff and the Instructors for unjust enrichment, as ordered by the Court.

96.     As a direct and proximate result of ELS's unlawful conduct, Plaintiff

and the Instructors have suffered damages in an amount to be determined at trial.

97.     Plaintiff and the Instructors seek damages in the amount of their unpaid

overtime wages for all hours worked in excess of forty (40) hours per workweek,

reasonable attorneys' fees and costs for this action, pre- and post-judgment interest,

and other such legal and equitable relief as the Court deems proper.

98.     THEREFORE, Plaintiff prays for relief as set forth below.

I think we can put forward a fraud in the inducement claim, alleging that at all times

the Plaintiff and Instructors were informed based upon their negotiations that they

were only required to work the In-Class hours, when at all times ELS knew the work

was substantially more, if not doubled.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the members of the Class demand a jury trial on

all claims so triable and judgment against ELS as follows:

A.     An order certifying this case as a collective action for the violations of

the FLSA, as it pertains to the First claim under 29 U.S.C. § 216(b) for the class of

employees described herein and designating Plaintiff's counsel as Class Counsel;

B.     An order certifying this case as a class action for violations of New

Jersey common law as it pertains to the Second claim under Federal Rules of Civil

Procedure 23(a) and (b)(3) for the class of employees described herein, appointing

Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel;

C.   Restitution and/or disgorgement of amounts paid by Plaintiff and members of the Classes for the purchase of the Coach Outlet Products, together with interest from the date of payment;

D.   Actual damages;

E.   An order granting injunctive relief;

F.   Statutory prejudgment interest;

G.   Statutory damages;

H.   Punitive damages;

I.   Liquidated damages

J.   Reasonable attorneys' fees and the costs of this action, including costs of administration and notice;

K.   Other legal and equitable relief under the causes of action state herein;

L.   A trial by jury on all issues so triable; and

M.    Such other relief as this Court may deem just and proper.

Dated:        April 10, 2020

                                             Respectfully submitted,

                                             **LAW OFFICES BARRY M. BORDETSKY**
By:/s/ Barry M. Bordetsky
Barry M. Bordetsky
*barry@bordetskylaw.com*
22 N. Park Place, 2nd Floor
Morristown, New Jersey 07960
Telephone: (973) 998-6596
Facsimile: (973) 937-7850

**HALUNEN LAW**
Christopher J. Moreland
(to be admitted *pro hac vice*)
*moreland@halunenlaw.com*
Charles D. Moore
(to be admitted *pro hac vice*)
*moore@halunenlaw.com*
1650 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099

-and-

**REESE LLP**
Michael R. Reese
(to be admitted *pro hac vice*)
Carlos Ramirez
*mreese@reesellp.com*
cramirez@reesellp.com
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

24