NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL MARN, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Civ. No. 20-3912 |
| v. | OPINION |
| ELS EDUCATIONAL SERVICES, INC., | |
| Defendant. | |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Motion to Dismiss filed by Defendant ELS Educational Services, Inc. ("Defendant"). (ECF No. 13.) Plaintiff Michael Marn ("Plaintiff") opposes. (ECF No. 16.) The Court has decided the Motion based on the written submissions of the parties and without oral argument, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's Motion to Dismiss (ECF No. 13) is denied.

## BACKGROUND

**I.     Factual Background**

This is an employment case arising out of Plaintiff's past work for Defendant. Plaintiff, a citizen of Minnesota, brings the suit on behalf of himself and other similarly situated employees (collectively, "Instructors"). (Compl. ¶ 8, ECF No. 1.) Defendant is a for-profit New Jersey corporation with its principal place of business in Princeton, New Jersey. (*Id.* ¶ 12.) Defendant

1

operates language centers on college campuses all over the country that provide English-language classes to individuals who speak English as a second language. (*Id.*)

From 2014 to 2019, Plaintiff worked for Defendant as an English language Instructor in St. Paul, Minnesota. (*Id.* ¶¶ 9–10.) Plaintiff and the other Instructors were hourly employees as defined by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e)(1). (*Id.* ¶¶ 10–11.) Upon hiring, Plaintiff and the Instructors received an engagement letter offering them a position and outlining their terms of employment. (*Id.* ¶ 23.) The engagement letter included their hourly compensation rate and a statement that their FLSA Status was "Non-Exempt." (*Id.*; *see also* Marn Engagement Letter, Compl. Ex. 1, ECF No. 2.)

In their roles, Plaintiff and the Instructors taught classes in person and performed activities outside of class. (Compl. ¶¶ 28–32.) Out-of-class activities included creating, reading, and grading assignments and essays, meeting with students, conducting evaluations, and logging grades and attendance. (*Id.* ¶¶ 32–33.) These activities were "integral and indispensable" to the performance of the in-class activities, and many were mandated by Defendant. (*Id.* ¶ 34.) Plaintiff worked twenty in-class hours each week; other Instructors worked between twenty and thirty in-class hours weekly. (*Id.* ¶¶ 28–31.) In addition, Plaintiff and the Instructors spent between twenty-six and forty-seven hours conducting out-of-class activities each week. (*Id.* ¶ 35.) They were compensated solely for the in-class hours and not for any time spent on activities outside of class. (*Id.* ¶ 38.)

Defendant did not require Plaintiff and the Instructors to keep a timesheet recording their hours. (*Id.* ¶ 40.) Additionally, Defendant "attempted to force" Plaintiff to sign an agreement before an accreditation audit "fraudulently stating that Plaintiff and the Instructors were full-time, salaried employees." (*Id.* ¶ 43.) Plaintiff refused to sign the agreement, but was

subsequently continually encouraged to sign it in order to change his employment status to salaried. (*Id.* ¶¶ 44–45.) Plaintiff alleges that Defendant's actions throughout his employment amounted to "a common scheme to deprive Plaintiff and the Instructors of hours worked, as well as proper overtime compensation by not compensating them at time and [a] half for hours over and above forty (40) hours." (*Id.* ¶ 41.)

## II.     Procedural History

Plaintiff filed the Complaint on April 10, 2020. (ECF No. 1.) Plaintiff alleges three counts: (1) failure to pay overtime in violation of the FLSA, 29 U.S.C. § 207(a)(1) (Compl. ¶¶ 66–81); (2) breach of contract (*id.* ¶¶ 82–88); and (3) unjust enrichment (*id.* ¶¶ 89–98). He brings the FLSA claim collectively on behalf of "[a]ll persons who work or worked for [Defendant] as Instructors from April 10, 2017, through the date the Court orders notice to be sent," in accordance with 29 U.S.C. § 216(b). (*Id.* ¶ 49.) He brings the non-FLSA claims as a purported nationwide class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of "[a]ll persons in the United States who work or worked for [Defendant] as Instructors in the United States from . . . April 10, 2016, through the date a judgment is entered in this action." (*Id.* ¶ 60.)

On July 2, 2020, Defendant moved to dismiss the Complaint for failure to state a claim upon which relief maybe granted. (ECF No. 13.) Plaintiff filed an Opposition (ECF No. 17), and Defendant filed a Reply (ECF No. 18). Defendant's Motion is presently before the Court.

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404

F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.*; *see also Iqbal*, 556 U.S. at 679. Finally, the court must assume the veracity of all well-pleaded factual allegations and "determine whether the facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679); *see also Malleus*, 641 F.3d at 563. If the complaint does not demonstrate more than a "mere possibility of misconduct," it must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

Although a district court generally must confine its review on a Rule 12(b)(6) motion to the pleadings, *see* Fed. R. Civ. P. 12(d), "a court may consider certain narrowly defined types of material without converting the motion to dismiss" into a motion for summary judgment. *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). This includes "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (internal citation omitted); *see also In re Rockefeller*, 184 F.3d at 287 (internal citations omitted) (noting that a court may consider documents "integral to or explicitly relied upon in the complaint" and documents that are "undisputedly authentic").

## **DISCUSSION**

**I.       Plaintiff's FLSA Claim**

        A.       *The FLSA Teacher Exemption*

The FLSA requires that for every hour worked in excess of forty hours per week, an employee is compensated for overtime at least one-and-one-half times the employee's regular rate. *Pignatoro v. Port Auth. of N.Y and N.J.*, 593 F.3d 265, 268 (3d Cir. 2010) (citing 29 U.S.C. § 207(a)(1)). The FLSA also contains exemptions from this general rule. *See* 29 U.S.C. § 213. "Exemptions from the FLSA are narrowly construed against the employer, and the employer has the burden of establishing an exemption." *Pignatoro*, 593 F.3d at 268 (citing *Guthrie v. Lady Jane Collieries, Inc.*, 722 F.2d 1141, 1143 (3d Cir. 1983)). The application of an exemption is an "affirmative defense on which the employer has the burden of proof." *Corning Glass Works v. Brennan*, 417 U.S. 188, 197–96 (1974).

An employee is exempt from the minimum wage and maximum hour requirements of the FLSA if he is employed in a "professional capacity." 29 U.S.C. § 213(a)(1). One facet of the "professional capacity" exemption is the so-called "Teacher Exemption":

> The term "employee employed in a bona fide professional capacity" . . . means any employee with [1] a primary duty of teaching, tutoring, instructing or lecturing in the activity of imparting knowledge and [2] who is employed and engaged in this activity as a teacher [3] in an educational establishment by which the employee is employed.

29 C.F.R. § 541.303(a). Teachers who fit this definition are not subject to the wage and hour provisions of the FLSA. *Compare Fernandez v. Zoni Language Ctrs. Inc.*, 858 F.3d 45, 54 (2d Cir. 2017) (finding that plaintiff English language teachers were exempt from the FLSA's minimum wage and overtime provisions because the Teacher Exemption applied), *and Mortenson v. Bend-La Pine Sch. Dist.*, 2015 WL 6124926, at * 6 (D. Or. Oct. 16, 2015) (finding

5

that a middle school teacher was not entitled to overtime pay because the Teacher Exemption applied), *with Astor v. United States*, 79 Fed. Cl. 303, 305–06 (2007) (finding that the Teacher Exemption did not apply to plaintiff firearms instructors because they were not engaged in the imparting of knowledge and were not employed by an educational establishment). The Teacher Exemption is not limited to "[r]egular academic teachers," but also includes teachers of skilled and semi-skilled trades and occupations, driving instructors, aircraft flight instructors, home economics teachers, and vocal or instrumental music instructors. 29 C.F.R. § 541.303(b). Although not required, the possession of a teaching certificate provides "a clear means of identifying the individuals contemplated as being within the scope of the exemption for teaching professionals." § 541.303(c).

      B.    *Application of the Teacher Exemption*

Based on the allegations in the Complaint, Plaintiff appears to meet the requirements of the Teacher Exemption. First, it appears that Plaintiff's primary duty was "teaching, tutoring, instructing or lecturing in the activity of imparting knowledge." § 541.303(a). Plaintiff taught a self-designed curriculum to students enrolled in Defendant's English programs. (Compl. ¶ 9.) He spent in-class hours instructing students and out-of-class time preparing for instruction by creating and grading assignments and essays, meeting with students, and conducting evaluations. (*Id.* ¶¶ 27–33.) Indeed, there is no indication in the Complaint that Plaintiff performed any duties during his employment besides instruction and activities related to the activity of imparting knowledge to his students.

Second, Plaintiff was employed and engaged as a teacher. The Complaint states plainly: "[a]t all relevant times Plaintiff and the Instructors perform(ed) teaching and educational services for [Defendant]." (*Id.* ¶ 22.) Moreover, Plaintiff and the Instructors hold teaching certificates, the

6

possession of which provides "a clear means of identifying the individuals contemplated as being within the scope" of the Teacher Exemption. *See* 29 C.F.R. § 541.303(c). The Complaint describes Plaintiff and the Instructors as "professional[s]" who "hold various high-level degrees and certifications to provide each student a 'personalized approach' to learning English as a second language." (*Id.* ¶ 21.) Plaintiff, for example, holds a Master of Arts in English as Second Language, and a Teaching English as a Foreign Language ("TEFL") certificate. (Marn Personnel Form, Compl. Ex. 11, ECF No. 2-10.)

Third, Defendant appears to meet the definition of an "educational establishment." The Teacher Exemption defines "educational establishment" as follows:

> The term "educational establishment" means an elementary or secondary school system, an institution of higher education or other educational institution. . . .The term "other educational establishment" includes special schools for mentally or physically disabled or gifted children, regardless of any classification of such schools as elementary, secondary or higher. . . . Also, for purposes of the exemption, no distinction is drawn between public and private schools, or between those operated for profit and those that are not for profit.

29 C.F.R. § 541.204(b). The Second Circuit has concluded that private companies in the business of providing English language classes to individuals who speak English as a second language are "other educational institutions" within the meaning of § 541.204(b), and thus "educational establishments" within the meaning of the Teacher Exemption. *See Fernandez*, 858 F.3d at 50–52 (analyzing the plain meaning and purpose of the regulatory text to conclude that Defendant company met the definition of "other educational institution"); *Volpe v. Am. Language Commc'n Ctr., Inc.*, 200 F. Supp. 3d 428, 433–35 (S.D.N.Y. 2016), *aff'd*, 692 F. App'x 51 (2d Cir. 2017) (weighing accreditation, licensure, and six additional factors to conclude that defendant company was an "other educational institution"). Plaintiff does not attempt to distinguish Defendant from the companies at issue in *Fernandez* and *Volpe* and does not otherwise argue that Defendant is

not an "educational establishment" within the meaning of the Teacher Exemption.

However, although the facts suggest that Plaintiff may meet the requirements of the Teacher Exemption, the Court cannot from the face of the Complaint conclude that the Teacher Exemption applies because of outstanding issues of estoppel and waiver. The application of an FLSA exemption is an affirmative defense. *Corning Glass Works*, 417 U.S. at 197. A district court may grant a Rule 12(b)(6) motion on the basis of an affirmative defense "if the predicate establishing the defense is apparent from the face of the complaint." *Brody v. Hankin*, 145 F. App'x 768, 771 (3d Cir. 2005) (citing *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 n.10 (3d Cir. 1978)). In the FLSA context, "[c]ourts have uniformly held that unless it is apparent from the face of the complaint that an exemption applies, granting a motion to dismiss based on an exemption affirmative defense is inappropriate." *Jackson v. Sweet Home Healthcare*, 2017 WL 1333001, at *2 (E.D. Pa. Apr. 5, 2017); *see Anzaldua v. WHYY, Inc.*, 160 F. Supp. 3d 823, 826 (E.D. Pa. 2016) (refusing to dismiss FLSA case when it was not absolutely clear from the face of the complaint that an exemption applied).

Plaintiff alleges that when he was first engaged by Defendant as an employee, he signed an employment agreement that classified him as "Non-Exempt." (Compl. ¶ 23; Marn Engagement Letter.) Plaintiff argues that this language in the engagement letter raises possible issues of waiver and estoppel regarding the application of the Teacher Exemption as an affirmative defense, which are fact-intensive inquiries unsuitable for disposition at this stage. (Opp'n at 8, ECF No. 16.)

The Court agrees. Both estoppel[1] and waiver can prevent an employer from raising an

---

[1] Plaintiff's Opposition appears to invoke both promissory and equitable estoppel. (*See* Opp'n at 6–10, ECF No. 16.) Plaintiff does not plead promissory estoppel, so the Court will not consider it here.

FLSA exemption. *Molina v. First Line Sols. LLC*, 566 F. Supp. 2d 770, 788–89 (N.D. Ill. 2007). "Equitable estoppel is invoked in the interests of justice, morality and common fairness." *Newark Cab Ass'n v. City of Newark*, 235 F. Supp. 3d 638, 648 (D.N.J. 2017) (internal quotations omitted). "To establish equitable estoppel, plaintiffs must show that defendant engaged in conduct, either intentionally or under circumstances that induced reliance, and that plaintiffs acted or changed their position to their detriment." *Id.* Waiver is the intentional relinquishment or abandonment of a known right. *Robinson v. First State Cmty. Action Agency*, 920 F.3d 182, 187 (3d Cir. 2019).

The Court cannot conclude based on the facts laid out in the Complaint that neither estoppel nor waiver would apply in this instance. There is limited case law in the Third Circuit applying these doctrines to FLSA exemptions. Both parties cite several cases outside of this Circuit to support their points about the applicability of waiver and estoppel in this context. (*See* Opp'n at 6–12; Reply at 4–7, ECF No. 17.) Tellingly, every one of the cited cases was decided at the summary judgment stage after the issues were clarified by additional briefing and discovery. *See, e.g.*, *Riegelsberger v. Air Evac EMS, Inc.*, 369 F. Supp. 3d 901, 908 (E.D. Mo. 2019), *aff'd*, 970 F.3d 1061 (8th Cir. 2020) (deciding on summary judgment that estoppel did not apply where the "non-exempt" language in the contract was clarified immediately); *Napert v. Gov't Emps. Ins. Co.*, 36 F. Supp. 3d 237, 224 (D. Mass. 2014) (deciding on summary judgment that estoppel did not apply because the employment memorandum made clear that "salaried nonexempt" meant plaintiffs were not entitled to overtime); *Soderberg v. Naturescape, Inc.*, 2011 WL 11528148, at *8 (D. Minn. Nov. 3, 2011) (deciding on summary judgment that defendant was not estopped from relying on the affirmative defense of exemption); *Molina*, 566 F. Supp. 2d at 780–82 (deciding on summary judgment that waiver did not apply because plaintiffs were

9

unaware of the asserted exemption).

Accordingly, because there remain questions about the applicability of the Teacher Exemption as an affirmative defense, the Court will deny Defendant's Motion to Dismiss as to Plaintiff's FLSA claim.

## II.     Plaintiff's State-Law Claims

In addition to the FLSA claim, Plaintiff also brings claims for breach of contract and unjust enrichment under state law. Defendant argues that the Court should decline to exercise its supplemental jurisdiction over Plaintiff's state-law claims if the Court dismisses Plaintiff's FLSA claim. (Def.'s Br. at 19–20, ECF No. 13.) Defendant makes no other arguments in support of dismissal of the state-law claims. Because the Court will not dismiss Plaintiff's FLSA claim, the Court will also decline to dismiss Plaintiff's state-law claims.[2]

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 13) is denied. An appropriate Order will follow.

Date: <u>December 15, 2020</u>                                                  <u>*/s/Anne E. Thompson*</u>
                                                                                                ANNE E. THOMPSON, U.S.D.J.

---

[2] Plaintiff argues in his Opposition that even if the Court dismissed the FLSA claim, the Court would have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity of citizenship) and § 1332(d) (the Class Action Fairness Act). (Opp'n at 12–15.) Plaintiff did not plead this basis for jurisdiction in the Complaint. (*See* Compl. ¶¶ 16–18, ECF No. 1.) "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Accordingly, the Court will not consider whether Plaintiff's state-law claims meet the requirements of 28 U.S.C. § 1332(a) or (d).